IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PERNELL DORSEY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:19-CV-755-ECM |
| ) | [WO] |
| HON. LARRY R. GRISSETT, ) | |
| ) | |
|    Defendant. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Plaintiff Michael Dorsey is an inmate incarcerated at the Covington County Jail in Andalusia, Alabama. He brings this *pro se* 42 U.S.C. § 1983 action against attorney Larry Grissett. Dorsey seeks to challenge acts of the named defendant during his representation of Dorsey in state court criminal proceedings that Dorsey claims violated his Fourth, Sixth, and Fourteenth Amendment rights. For relief, Dorsey requests damages of $30,000. Doc. 1.

Upon review, the court concludes dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff's request for leave to proceed *in forma pauperis.* Doc. 3. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

A.  **Standard of Review**

Because Dorsey is proceeding *in forma pauperis*, the court reviews his complaint under 28 U.S.C. § 1915(e)(2)(B).[2] Under § 1915(e)(2)(B), a court must dismiss a complaint proceeding *in forma pauperis* if it determines that an action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. A claim is frivolous when it "has little or no chance of success"—that is, when it appears "from the face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A claim is frivolous if it "lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is frivolous as a matter of law where, among other things, the defendants are immune from suit, *id*. at 327, the claim seeks to enforce a right that clearly does not exist, *id*., or there is an affirmative defense that would defeat the claim, such as the statute of limitations. *Clark v. Georgia Pardons & Paroles Bd*., 915 F.2d 636, 640 n.2 (11th Cir. 1990). Courts are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Review on this

---

[2] The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in *Neitzke v. Williams*, 490 U.S. 319 (1989), was unaltered. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001); *Brown v. Bargery*, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. *Bilal*, 251 F.3d at 1348-49.

ground is governed by the same standards as for dismissals for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The allegations should present a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. When a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint, dismissal for failure to state a claim is also warranted. *Jones*, 549 U.S. at 215.

*Pro se* pleadings "are held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). However, they "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. And a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla*., 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 556 U.S. 662 (2009). While, the court treats factual allegations as true, it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal*, 566 U.S. at 681. Finally, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**B.     Defendant Larry Grissett**

Dorsey challenges the conduct of Defendant Larry Grissett, his court-appointed attorney, alleging that counsel performed deficiently during Dorsey's criminal trial. An essential element of a 42 U.S.C. §1983 action is that a person acting under color of state law committed the constitutional violation about which the plaintiff complains. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993); *Harvey v. Harvey,* 949 F.2d 1127 (11th Cir. 1992). To state a viable claim for relief under §1983, a plaintiff must assert "both an alleged constitutional deprivation . . . and that the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *American Manufacturers*, 526 U.S. at 50 (internal quotation marks omitted). Criminal defense counsel, however, whether retained or court-appointed, is not deemed to be a person who acts under color of state law in a §1983 action. *Polk County v. Dodson*, 454 U.S. 312 (1981); *Mills v. Criminal District Court No*. 3, 837 F.2d 677, 679 (5th Cir. 1988) ("[P]rivate attorneys, even court-appointed attorneys, are not official state actors and . . . are not subject to suit under section 1983."). Court-appointed, criminal defense counsel is viewed as carrying out the traditional functions of a lawyer representing a criminal defendant, which previously was a private function fulfilled by retained counsel. *Dodson*, 454 U.S. at 319, 325. "Except for the source of payment, [the] relationship [between criminal defendant and defense counsel is] identical to that existing between any other lawyer and client." *Id*. at 318.

Dorsey's claims against Grissett are based on allegations that during his representation of Dorsey during his criminal proceedings, Grissett failed to provide competent assistance, failed to advise Dorsey of any effective defense strategies, and failed to review discovery. Dorsey's allegations against Grissett fail to allege he did anything other than perform the traditional function as counsel to a criminal defendant. Grissett, therefore, cannot be held to be acting under color of state law. *Dodson*,  at 325; *Pearson v. Myles*, 189 Fed. App'x 865, 866 (11th Cir. 2006) (holding

that the public defender did not act under color of state law for purposes of § 1983 claim, where she performed only "traditional lawyer functions in her representation of [plaintiff]"). In light of the foregoing, the complaint against Defendant Grissett is due to be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke*, 490 U.S. at 327.

**C.     The Challenge to Plaintiff's Conviction**

If Dorsey seeks to challenge the validity of a criminal conviction and/or sentence imposed upon him by the Circuit Court for Covington County, Alabama, such claims go to the fundamental legality of his confinement and provide no basis for relief at this time. *Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  In *Heck*, the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or confinement is not cognizable in a 42 U.S.C. § 1983 action "unless and until the [order requiring such confinement] is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed. 512 U.S. at 483-489. The Court emphasized that "habeas corpus is the exclusive remedy for a [confined individual] who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983" and concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983.  *Id.* at 481.  The Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court further concluded that an inmate's "claim[s] for declaratory [and injunctive] relief and money damages, . . . that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983 . . ." unless the inmate can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648.  The Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of

5

the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id*. at 645. The Court reiterated the position taken in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of her confinement is a petition for writ of habeas corpus. *Id*. The Court "reemphasize[d] . . . that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649.

Under the circumstances of this case, *Heck* and its progeny bar Dorsey's use of any federal civil action, other than a petition for habeas corpus relief under 28 U.S.C. § 2254, to mount a collateral attack on the validity of his state court criminal conviction and sentence. 512 U.S. at 489 ("We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action. Even a prisoner who has fully exhausted [all] available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."); *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995) ("*Heck* clarifies that *Preiser* is a rule of cognizability, not exhaustion."). Consequently, to the extent that Dorsey's claims seek to challenge the constitutionality of his state court conviction and/or sentence, such claims are not cognizable in this cause of action at this time and are, therefore, subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's § 1983 claims against Defendant Grissett be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii);

2. Plaintiff's challenge to the constitutionality of the conviction and/or sentence imposed upon him by the Circuit Court for Covington County, Alabama, be DISMISSED without prejudice

under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims are not properly before the court at this time; and

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that **on or before December 10, 2019**, Plaintiff may file an objection to the Recommendation. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of a party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 25th day of November, 2019.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge